UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOE PANZA<br>600 Tollis Parkway Apt. 312<br>Broadview Heights, OH 44147<br><br>and<br><br>ERIC MILLER<br>1220 24th Street<br>Portsmouth, Ohio 45662<br><br>on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>HEALTHCARE SERVICES GROUP, INC.<br>c/o Statutory Agent Corporation Service Company<br>50 West Broad Street Suite 1330<br>Columbus, OH 43215<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFFS' COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Plaintiffs Joe Panza and Eric Miller, by and through counsel, on behalf of themselves and all others similarly-situated, and for their Complaint against Defendant Healthcare Services Group, Inc., allege and state as follows:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiffs Joe Panza and Eric Miller as a result of Defendant's practice and policy of misclassifying Plaintiff and all other similarly-situated employees as "exempt" employees, and not paying them overtime compensation at the rate of one

and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

2. On May 23, 2016, the U.S. Department of Labor issued the Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees Final Rule ("Final Rule") to update the salary compensation level for the Executive, Administrative, and Professional work exemption to $913 per week; $47,476 annually. The Final Rule had an effective date of December 1, 2016. 81 FR 32391.[1]

3. As a result of the Final Rule, employees must earn a minimum of $47,476 annual in order to be exempt under Executive, Administrative, and Professional exemptions.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiffs' Ohio law and Ohio Constitutional claims pursuant to 28 U.S.C. § 1367.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

7. At all relevant times herein, Plaintiff Eric Miller was a citizen of the United States, and is an individual residing at 1220 24th Street, Portsmouth, Ohio 45662.

---

[1] https://www.gpo.gov/fdsys/pkg/FR-2016-05-23/pdf/2016-11754.pdf

8. At all relevant times herein, Plaintiff Joe Panza was a citizen of the United States, and is an individual residing at 600 Tollis Parkway Apt. 312, Broadview Heights, OH 44147.

9. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. 203(e) and R.C. § 4111.03(D)(3).

10. At times relevant herein, Defendant was a foreign corporation, organized and existing under the laws of the State of Pennsylvania, licensed to do business in the State of Ohio.

11. At all times relevant herein, Defendant regularly transacted business within this State, and derived substantial revenue from services rendered in the State of Ohio.

12. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. 203(d) and R.C. 4111.03(D)(2).

13. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. 203(r).

14. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s)(1).

15. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207.

16. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. 216(b).

## FACTUAL ALLEGATIONS

17. Defendant is a Pennsylvania corporation that provides healthcare, dining and nutrition, and janitorial services to various nationwide facilities.

18. Plaintiff Miller was employed by Defendant as an Account Manager at a facility in Portsmouth, Ohio since August 2012.

19. Plaintiff Panza was employed by Defendant as an Account Manager at a facility in Kirkwood, Ohio since 2010.

20. Other similarly-situated employees were employed by Defendant as Account Managers, including Housekeeping and Dietary Account Managers, at various locations throughout the United States.

21. Plaintiffs and other similarly-situated Account Managers were classified as exempt employees under the FLSA and were paid a salary wage.

22. Plaintiff Miller was paid a salary wage of thirty-five thousand dollars ($35,000.00) per year.

23. Plaintiff Panza was paid a salary wage of forty-three thousand nine hundred three dollars ($43,903.00) per year.

24. Other similarly-situated employees were paid a salary wage of less than forty-seven thousand four hundred seventy-six dollars ($47,476) per year.

**(Failure to Pay Overtime Compensation)**

25. Plaintiffs and other similarly-situated Account Managers are required to work at least 45 hours per week to keep their salary wage.

26. Plaintiff Miller estimates that he worked approximately 50 to 55 hours per week.

27. Plaintiff Panza estimates that he worked approximately 45 to 50 hours per week.

28. Defendants failed to pay Plaintiffs and other similarly-situated employees overtime compensation for the hours they worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

29. Defendant failed to make, keep, and preserve records of the hours worked by Plaintiffs and all other similarly-situated Account Managers.

30. As a result of Defendant's record-keeping practices, the overtime worked performed by Plaintiffs and other similarly-situated Account Managers is unrecorded in Defendant's time and earnings records.

**(Defendant Willfully Violated the FLSA)**

31. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs bring Count One of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

33. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves a member, is composed of and defined as follows:

> All former and current Account Managers, including Housekeeping and Dietary Account Managers, employed by Defendant Healthcare Services Group between December 1, 2016 and the present.

34. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

35. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

36. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATIONS**

37. Plaintiffs bring Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("the Ohio Class") defined as:

> All former and current Account Managers, including Housekeeping and Dietary Account Managers, employed by Defendant Healthcare Services Group between December 1, 2016 and the present.

38. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

39. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

   a) whether Defendant failed to pay overtime compensation to their Account Managers for hours worked in excess of 40 each workweek; and

   b) what amount of monetary relief will compensate Plaintiffs and other members of the class for Defendant's violation of R.C. § 4111.03 and § 4111.10.

40. Named Plaintiffs will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this

case.

41. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

43. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

44. Defendant's practice and policy of misclassifying Plaintiffs and all other similarly-situated employees as exempt violated the FLSA, 29 U.S.C. §§ 201-219.

45. Defendant's failure to pay Plaintiffs and all other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

46. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and all other similarly-situated employees violated the FLSA and 29 CFR 516.2(a)(7).

47. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

48. As a result of Defendant's practices and policies, Plaintiffs and all other similarly-situated employees have been damaged in that they have not received overtime due to them pursuant to the FLSA.

**COUNT TWO**
**(Violations of Ohio Revised Code § 4111.03)**

49. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

50. Defendant's practice and policy of misclassifying Plaintiffs and all other similarly-situated employees as exempt violated the OMFWSA, R.C. § 4111.03.

51. Defendant's failure to pay Plaintiffs and all other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

52. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and all other similarly-situated employees violated the OMFWSA, R.C. § 4111.03.

53. As a result of Defendant's practices and policies, Plaintiffs and all other similarly-situated employees have been damaged in that they have not received overtime due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and

certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the class they represent actual damages for unpaid wages;

D. Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class;

E. Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs and the class they represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

and

/s/ Hans A. Nilges
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)

Nilges Draher, LLC
7266 Portage Street, N.W. Ste. D
Massillon, Ohio 44646
Phone: 330-470-4428
Facsimile: 330-754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff