# Exhibit 1

## DECLARATION OF MATTHEW BARNDT

1. My name is Matthew Barndt. I am over 18 years old and I have personal knowledge of the information contained within this Declaration.

2. I am currently employed by Healthcare Services Group, Inc. ("HSG") as Corporate Counsel. As such, I have access to HSG's personnel records and data concerning its employees.

3. In February 2015, HSG began presenting its Mutual Arbitration Agreement to its employees, including its account managers, on a nationwide basis. The Agreement was rolled out on a progressive basis from approximately February 2015 to July 2015. Accordingly, by approximately July 2015 the roll-out of the Agreement was complete.

4. Those who were employed by HSG as account managers at the time the Mutual Arbitration Agreement was rolled out to them were offered the opportunity to sign the Agreement, but were not required to do so. Account managers hired after the roll-out, however, were required to sign the Agreement as a condition of their employment.

5. Joseph Panza, Eric Miller and Judith Daub are employed by HSG as account managers. All three of these employees were already employed in this capacity at the time the Mutual Arbitration Agreement was rolled out. Consequently, they were offered the opportunity to enter into the Agreement, but were not required to do so as a condition of their continuing employment with HSG. To my knowledge, HSG has no record indicating that Mr. Panza, or Mr. Miller signed the Agreement. However, on February 12, 2015, Ms. Daub voluntarily executed a Mutual Arbitration Agreement, a copy of which is attached as "Exhibit A" to this Declaration. Based upon HSG's personnel records, Ms. Daub has worked as account manager for Best Care Nursing and Rehab Center, located at 2159 Dogwood Ridge Road, Wheelersburg, Ohio, 45694,

**EXHIBIT 1**

throughout her employment with HSG. The fax data printed at the top of the cover sheet transmitting Ms. Daub's signed Mutual Arbitration Agreement to her manager on February 12, 2015, a copy of which is attached as "Exhibit B" to this declaration, suggests that the fax was sent from Best Care Nursing and Rehab Center. Ann Bradford was hired by HSG as Account Manager on April 7, 2016. On March 28, 2016, Ms. Bradford and HSG executed a Mutual Arbitration Agreement, a copy of which is attached as "Exhibit C" to this Declaration. Ms. Bradford was required to sign this Agreement during the hiring process as a condition of her employment. This Agreement was never modified or revoked by the parties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this **29** day of August, 2017.

*Matthew Barndt*
Matthew Barndt

## MUTUAL ARBITRATION AGREEMENT

The parties to this Agreement wish to resolve, fairly and quickly, any dispute which may arise in the context of their employment relationship and agree as follows:

A) In consideration of the Undersigned Employee's ("Employee") employment and Healthcare Services Group, Inc.'s ("HSG") promise to arbitrate all categories of disputes that Employee hereby agrees to arbitrate, HSG and Employee (collectively, the "Parties") agree that binding arbitration shall be the exclusive remedy for all covered claims between them. Final and binding arbitration before a single, neutral arbitrator shall be the exclusive remedy for any covered claim. A "covered claim" is any claim now existing or arising in the future (except a claim that by law is non-arbitrable), whether known or unknown at this time, including, but not limited to, such matters arising from, related to or in connection with Employee's employment with HSG or Employee's termination. A covered claim includes, but is not limited to, claims under the Fair Labor Standards Act; Title VII of the Civil Rights Act (to extent permitted by law), or similar or analogous state or local laws; breach of contract; unpaid expenses or wages; unpaid compensation; penalties; missed meal or rest breaks; wrongful termination; unfair competition; or discrimination, harassment or unlawful retaliation. As to any covered claim, each party thus waives the right to a jury trial and to a bench trial, and also waives the right to bring, maintain, participate in, or receive money from, any class, collective, or representative proceeding, whether in court, arbitration, or otherwise. Nothing in this Agreement shall prevent the Parties from seeking injunctive relief from any court of competent jurisdiction in aid of arbitration or to maintain the status quo pending arbitration. Additionally, this Agreement does not prevent immediate and temporary injunctive relief in court to prevent violation of contractual non-compete or non-solicitation agreements, or the use or disclosure of trade secrets or confidential information in advance of the arbitration.

B) This Agreement shall not apply to and shall have no effect on any covered claims between the Parties that are the subject of any court or administrative proceeding filed prior to the date this Agreement is executed by Employee including, by way of example, the court proceeding captioned *Sandra Kelly, et al. v. Healthcare Services Group, Inc.*, No. 2:13-cv-441-JRG (E.D. Tex.). The preceding exclusion applies to all otherwise covered claims asserted by HSG directly, Employee directly, or on behalf of Employee as an actual member of a class, collective, or representative proceeding. The preceding exclusion shall also apply to all otherwise covered claims asserted on behalf of Employee as a putative class member, until such time as the Employee opts-out of the class, collective, or representative proceeding or their claims are dismissed, or Employee does not opt-in during the opt-in period provided to putative members of a class, collective, or representative proceeding;

C) Arbitration will occur in the county that encompasses the Federal Court nearest to the employee's last place of work at HSG and will occur under the JAMS Employment Arbitration Rules & Procedures, except where those rules contradict this Agreement or state or federal law (the JAMS Employment Arbitration Rules & Procedures are available online at www.jamsadr.com, or a copy may be requested by contacting Human Resources). If the Parties cannot agree on a neutral arbitrator, JAMS Employment Arbitration Rules & Procedures will govern selection. The arbitrator can award the same individual remedies that a judge could order in a court of law, but the arbitrator is prohibited from presiding over or awarding remedies for any class, collective or representative claims. The arbitrator must issue a written award that

**EXHIBIT A**

Scanned by CamScanner

shall: (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited.

D) Either party may initiate arbitration of a covered claim by filing a Demand for Arbitration and required supporting documentation, including this Agreement in its entirety, and initial filing fee (the JAMS Demand for Arbitration form with instructions for filing a demand in connection with a pre-dispute arbitration agreement is available online at www.jamsadr.com, or a copy may be requested by contacting Human Resources) with the nearest JAMS Resolution Center, or preferably to the following point of contact at JAMS:

> John J. Carr
> ADR Specialist
> National Program Administrator; Demand for Arbitration
> JAMS
> One Beacon Street, Suite 2210
> Boston, MA 02108
> Phone: (617) 228-9128

E) With the exception of the initial filing fee that will not exceed the filing fee assessed at the state court nearest to Employee's current residence, HSG will be responsible to pay all arbitration fees including the arbitrator's fees. The Parties shall pay their own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

F) Nothing in this Agreement prohibits Employee from filing a claim or administrative charge with a federal or state governmental agency such as the National Labor Relations Board, the Equal Employment Opportunity Commission, the Department of Labor or a workers' compensation board. HSG will not discipline or otherwise retaliate against Employee for filing such a claim or administrative charge, or for engaging in concerted activity, even if those actions are in breach of this Agreement. However, the Parties agree that HSG is entitled to take any steps it deems necessary in court or any other forum to enforce this Agreement, including the Parties' mutual agreement to arbitrate all covered claims and mutual waiver of the right to pursue any covered claim on a class, collective or representative basis, and that HSG is entitled to seek dismissal of any such class, collective, or representative action and otherwise assert this Agreement as a defense and/or complete bar in any proceeding. If Employee is covered by a collective bargaining agreement or represented by a labor organization subject to the National Labor Relations Act, then this Agreement (and in particular this Paragraph E) is still enforceable as to Employee to the full extent the law permits. If this Agreement contradicts language in the collective bargaining agreement covering the Employee, the collective bargaining agreement will govern.

Case: 1:17-cv-01342-SO Doc #: 10-2 Filed: 09/30/17 5 of 13. PageID #: 123

F) This Agreement is governed by and enforceable under the Federal Arbitration Act. It can be modified only in a writing signed by the Employee, an authorized officer of HSG, and a member of HSG's legal department, stating the intent to revoke or modify this Agreement.

G) If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full force and effect. However, in the event that the Parties' waiver of class, collective or representative actions is found to be unlawful or unenforceable, the Parties

-2-

Scanned by CamScanner

agree that any class, collective or representative actions must be filed in court and are not arbitrable.

H) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by electronic or e-mail delivery in any format, such signature shall have the same force, validity and effect as an original signature.

I) If Employee would like additional time to consider the terms of this agreement, Employee has up to fourteen (14) days from the day this Agreement was presented to Employee to sign and return this Agreement to Employee's supervisor.

BY SIGNING BELOW, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO CLASS, REPRESENTATIVE, AND COLLECTIVE PROCEDURES, AND THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM. I RETAIN ALL OTHER RIGHTS, INCLUDING MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL ARBITRATOR. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.

_Judy Daub_
Employee Name (Printed)

_Judy Daub_
(Signature)

2-12-15
Date

_Josh Soul_
Employer Representative Name (Printed)

_[signature]_
Signature

4-29-17
Date

- 3 -

Scanned by CamScanner



# Healthcare Services Group, Inc.

# FAX MESSAGE:

**TO:** Josh Soul

**FROM:** Judy Daub

**# OF PAGES INCLUDING COVER SHEET** 4

**SUBJ:** Mutual Arbitration Agreement

Case: 1:17-cv-01342-SO Doc #: 10-2 Filed: 08/30/17 7 of 13. PageID #: 125

**EXHIBIT B**

## MUTUAL ARBITRATION AGREEMENT

The parties to this Agreement wish to resolve, fairly and quickly, any dispute which may arise in the context of their employment relationship and agree as follows:

A) In consideration of the Undersigned Employee's ("Employee") employment and Healthcare Services Group, Inc.'s ("HSG") promise to arbitrate all categories of disputes that Employee hereby agrees to arbitrate, HSG and Employee (collectively, the "Parties") agree that binding arbitration shall be the exclusive remedy for all covered claims between them. Final and binding arbitration before a single, neutral arbitrator shall be the exclusive remedy for any covered claim. A "covered claim" is any claim now existing or arising in the future (except a claim that by law is non-arbitrable), whether known or unknown at this time, including, but not limited to, such matters arising from, related to or in connection with Employee's employment with HSG or Employee's termination. A covered claim includes, but is not limited to, claims under the Fair Labor Standards Act; Title VII of the Civil Rights Act (to extent permitted by law), or similar or analogous state or local laws; breach of contract; unpaid expenses or wages; unpaid compensation; penalties; missed meal or rest breaks; wrongful termination; unfair competition; or discrimination, harassment or unlawful retaliation. As to any covered claim, each party thus waives the right to a jury trial and to a bench trial, and also waives the right to bring, maintain, participate in, or receive money from, any class, collective, or representative proceeding, whether in court, arbitration, or otherwise. Nothing in this Agreement shall prevent the Parties from seeking injunctive relief from any court of competent jurisdiction in aid of arbitration or to maintain the status quo pending arbitration. Additionally, this Agreement does not prevent immediate and temporary injunctive relief in court to prevent violation of contractual non-compete or non-solicitation agreements, or the use or disclosure of trade secrets or confidential information in advance of the arbitration.

B) This Agreement shall not apply to and shall have no effect on any covered claims between the Parties that are the subject of any court or administrative proceeding filed prior to the date this Agreement is executed by Employee including, by way of example, the court proceeding captioned *Sandra Kelly, et al. v. Healthcare Services Group, Inc.*, No. 2:13-cv-441-JRG (E.D. Tex.). The preceding exclusion applies to all otherwise covered claims asserted by HSG directly, Employee directly, or on behalf of Employee as an actual member of a class, collective, or representative proceeding. The preceding exclusion shall also apply to all otherwise covered claims asserted on behalf of Employee as a putative class member, until such time as the Employee opts-out of the class, collective, or representative proceeding or their claims are dismissed, or Employee does not opt-in during the opt-in period provided to putative members of a class, collective, or representative proceeding;

C) Arbitration will occur in the county that encompasses the Federal Court nearest to the employee's last place of work at HSG and will occur under the JAMS Employment Arbitration Rules & Procedures, except where those rules contradict this Agreement or state or federal law (the JAMS Employment Arbitration Rules & Procedures are available online at www.jamsadr.com, or a copy may be requested by contacting Human Resources). If the Parties cannot agree on a neutral arbitrator, JAMS Employment Arbitration Rules & Procedures will govern selection. The arbitrator can award the same individual remedies that a judge could order in a court of law, but the arbitrator is prohibited from presiding over or awarding remedies for any class, collective or representative claims. The arbitrator must issue a written award that

Case: 1:17-cv-01342-SO Doc #: 10-2 Filed:

shall: (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited.

D) Either party may initiate arbitration of a covered claim by filing a Demand for Arbitration and required supporting documentation, including this Agreement in its entirety, and initial filing fee (the JAMS Demand for Arbitration form with instructions for filing a demand in connection with a pre-dispute arbitration agreement is available online at www.jamsadr.com, or a copy may be requested by contacting Human Resources) with the nearest JAMS Resolution Center, or preferably to the following point of contact at JAMS:

> John J. Carr
> ADR Specialist
> National Program Administrator; Demand for Arbitration
> JAMS
> One Beacon Street, Suite 2210
> Boston, MA 02108
> Phone: (617) 228-9128

E) With the exception of the initial filing fee that will not exceed the filing fee assessed at the state court nearest to Employee's current residence, HSG will be responsible to pay all arbitration fees including the arbitrator's fees. The Parties shall pay their own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

F) Nothing in this Agreement prohibits Employee from filing a claim or administrative charge with a federal or state governmental agency such as the National Labor Relations Board, the Equal Employment Opportunity Commission, the Department of Labor or a workers' compensation board. HSG will not discipline or otherwise retaliate against Employee for filing such a claim or administrative charge, or for engaging in concerted activity, even if those actions are in breach of this Agreement. However, the Parties agree that HSG is entitled to take any steps it deems necessary in court or any other forum to enforce this Agreement, including the Parties' mutual agreement to arbitrate all covered claims and mutual waiver of the right to pursue any covered claim on a class, collective or representative basis, and that HSG is entitled to seek dismissal of any such class, collective, or representative action and otherwise assert this Agreement as a defense and/or complete bar in any proceeding. If Employee is covered by a collective bargaining agreement or represented by a labor organization subject to the National Labor Relations Act, then this Agreement (and in particular this Paragraph E) is still enforceable as to Employee to the full extent the law permits. If this Agreement contradicts language in the collective bargaining agreement covering the Employee, the collective bargaining agreement will govern.

F) This Agreement is governed by and enforceable under the Federal Arbitration Act. It can be modified only in a writing signed by the Employee, an authorized officer of HSG, and a member of HSG's legal department, stating the intent to revoke or modify this Agreement.

G) If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full force and effect. However, in the event that the Parties' waiver of class, collective or representative actions is found to be unlawful or unenforceable, the Parties

-2-

agree that any class, collective or representative actions must be filed in court and are not arbitrable.

H) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by electronic or e-mail delivery in any format, such signature shall have the same force, validity and effect as an original signature.

I) If Employee would like additional time to consider the terms of this agreement, Employee has up to fourteen (14) days from the day this Agreement was presented to Employee to sign and return this Agreement to Employee's supervisor.

BY SIGNING BELOW, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO CLASS, REPRESENTATIVE, AND COLLECTIVE PROCEDURES, AND THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM. I RETAIN ALL OTHER RIGHTS, INCLUDING MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL ARBITRATOR. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.

| Judy Daub | Judy Daub | 2-12-15 |
|---|---|---|
| Employee Name (Printed) | Signature | Date |

| | | |
|---|---|---|
| Employer Representative Name (Printed) | Signature | Date |

## MUTUAL ARBITRATION AGREEMENT

The parties to this Agreement wish to resolve, fairly and quickly, any dispute which may arise in the context of their employment relationship and agree as follows:

A) In consideration of the Undersigned Employee's ("Employee") employment and the promise of Healthcare Services Group, Inc. and its subsidiaries and affiliates (collectively, "HSG") to arbitrate all categories of disputes that Employee hereby agrees to arbitrate, HSG and Employee (collectively, the "Parties") agree that binding arbitration shall be the exclusive remedy for all covered claims between them. Final and binding arbitration before a single, neutral arbitrator shall be the exclusive remedy for any covered claim. A "covered claim" is any claim now existing or arising in the future (except a claim that by law is non-arbitrable), whether known or unknown at this time, including, but not limited to, such matters arising from, related to or in connection with Employee's employment with HSG or Employee's termination. A covered claim includes, but is not limited to, claims under the Fair Labor Standards Act; Title VII of the Civil Rights Act (to extent permitted by law), or similar or analogous state or local laws; breach of contract; unpaid expenses or wages; unpaid compensation; penalties; missed meal or rest breaks; wrongful termination; unfair competition; or discrimination, harassment or unlawful retaliation. As to any covered claim, each party thus waives the right to a jury trial and to a bench trial, and also waives the right to bring, maintain, participate in, or receive money from, any class, collective, or representative proceeding, whether in court, arbitration, or otherwise. Nothing in this Agreement shall prevent the Parties from seeking injunctive relief from any court of competent jurisdiction in aid of arbitration or to maintain the status quo pending arbitration. Additionally, this Agreement does not prevent immediate and temporary injunctive relief in court to prevent violation of contractual non-compete or non-solicitation agreements, or the use or disclosure of trade secrets or confidential information in advance of the arbitration.

B) This Agreement shall not apply to and shall have no effect on any covered claims between the Parties that are the subject of any court or administrative proceeding filed prior to the date this Agreement is executed by Employee including, by way of example, the court proceeding captioned *Sandra Kelly, et al. v. Healthcare Services Group, Inc.*, No. 2:13-cv-441-JRG (E.D. Tex.). The preceding exclusion applies to all otherwise covered claims asserted by HSG directly, Employee directly, or on behalf of Employee as an actual member of a class, collective, or representative proceeding. The preceding exclusion shall also apply to all otherwise covered claims asserted on behalf of Employee as a putative class member, until such time as the Employee opts-out of the class, collective, or representative proceeding or their claims are dismissed, or Employee does not opt-in during the opt-in period provided to putative members of a class, collective, or representative proceeding.

C) Arbitration will occur in the county that encompasses the Federal Court nearest to the employee's last place of work at HSG and will occur under the JAMS Employment Arbitration Rules & Procedures, except where those rules contradict this Agreement or state or federal law (the JAMS Employment Arbitration Rules & Procedures are available online at www.jamsadr.com, or a copy may be requested by contacting Human Resources). If the Parties cannot agree on a neutral arbitrator, JAMS Employment Arbitration Rules & Procedures will govern selection. The arbitrator can award the same individual remedies that a judge could order in a court of law, but the arbitrator is prohibited from presiding over or awarding remedies for any class, collective or representative claims. The arbitrator must issue a written award that

EXHIBIT C

shall: (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited.

D) Either party may initiate arbitration of a covered claim by filing a Demand for Arbitration and required supporting documentation, including this Agreement in its entirety, and initial filing fee (the JAMS Demand for Arbitration form with instructions for filing a demand in connection with a pre-dispute arbitration agreement is available online at www.jamsadr.com, or a copy may be requested by contacting Human Resources) with the nearest JAMS Resolution Center, or preferably to the following point of contact at JAMS:

> John J. Carr
> ADR Specialist
> National Program Administrator; Demand for Arbitration
> JAMS
> One Beacon Street, Suite 2210
> Boston, MA 02108
> Phone: (617) 228-9128

E) With the exception of the initial filing fee that will not exceed the filing fee assessed at the state court nearest to Employee's current residence, HSG will be responsible to pay all arbitration fees including the arbitrator's fees. The Parties shall pay their own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

F) Nothing in this Agreement prohibits Employee from filing a claim or administrative charge with a federal or state governmental agency such as the National Labor Relations Board, the Equal Employment Opportunity Commission, the Department of Labor or a workers' compensation board. HSG will not discipline or otherwise retaliate against Employee for filing such a claim or administrative charge, or for engaging in concerted activity, even if those actions are in breach of this Agreement. However, the Parties agree that HSG is entitled to take any steps it deems necessary in court or any other forum to enforce this Agreement, including the Parties' mutual agreement to arbitrate all covered claims and mutual waiver of the right to pursue any covered claim on a class, collective or representative basis, and that HSG is entitled to seek dismissal of any such class, collective, or representative action and otherwise assert this Agreement as a defense and/or complete bar in any proceeding. If Employee is covered by a collective bargaining agreement or represented by a labor organization subject to the National Labor Relations Act, then this Agreement (and in particular this Paragraph F) is still enforceable as to Employee to the full extent the law permits. If this Agreement contradicts language in the collective bargaining agreement covering the Employee, the collective bargaining agreement will govern.

Case: 1:17-cv-01342-SO Doc #: 10-2 Filed: 08/30/17 12 of 13. PageID #: 130

G) This Agreement is governed by and enforceable under the Federal Arbitration Act. It can be modified only in a writing signed by the Employee, an authorized officer of HSG, and a member of HSG's legal department, stating the intent to revoke or modify this Agreement.

H) If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full force and effect. However, in the event that the Parties' waiver of class, collective or representative actions is found to be unlawful or unenforceable, the Parties

agree that any class, collective or representative actions must be filed in court and are not arbitrable.

I) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by electronic or e-mail delivery in any format, such signature shall have the same force, validity and effect as an original signature.

**BY SIGNING BELOW, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO CLASS, REPRESENTATIVE, AND COLLECTIVE PROCEDURES, AND THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM. I RETAIN ALL OTHER RIGHTS, INCLUDING MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL ARBITRATOR. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**

| Ann Bradford | Ann Bradford | 3-28-16 |
|---|---|---|
| Employee Name (Printed) | Signature | Date |

| Josh Soul | [signature] | 3-28-16 |
|---|---|---|
| Employer Representative Name (Printed) | Signature | Date |

Case: 1:17-cv-01342-SO Doc #: 10-2 Filed: 08/30/17 13 of 13. PageID #: 131