IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN OHIO
EASTERN DIVISION

| | |
|---|---|
| Joe Panza and Eric Miller,<br><br>                Plaintiffs,<br><br>vs.<br><br>Healthcare Services Group, Inc.<br><br>                Defendant. | CASE NO. 1-17-CV-01342-SO<br><br>JUDGE OLIVER<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

      Plaintiffs Joseph Panza ("Panza") and Eric Miller ("Miller"), Opt-in Plaintiffs Ann Bradford ("Bradford") and Judith Daub ("Daub") (collectively "Plaintiffs"), and Defendant Healthcare Services Group, Inc. ("Healthcare Services Group" or "Defendant") (collectively, "the Parties"), by and through their respective counsel, jointly move for an Order approving the settlement agreement reached by the Parties, which resolves Panza and Miller's lawsuit asserting claims under the Fair Labor Standards Act of 1938, as amended (hereinafter "FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").  As grounds for their motion, the Parties state as follows:

      1.      Panza and Miller's Complaint asserts claims under the FLSA and the OMFWSA for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the theory that Defendant misclassified them as exempt employees.  Panza and Miller's claim of misclassification relies upon the salary-level provisions of the Department of Labor's "Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees Final Rule" ("Final Rule"), which had they become effective, would have

raised the salary compensation level for the Executive, Administrative, and Professional exemption.

2. Defendant asserts that Panza and Miller were properly classified as exempt employees because the Final Rule, which would have raised the salary threshold for exempt employees, was temporarily enjoined by the Eastern District of Texas in *Nevada v. U.S. Department of Labor*, 218 F. Supp. 3d 520, 534 (E.D. Tex. 2016) before it ever went into effect, and Plaintiffs made no allegations in the Lawsuit that they were improperly classified as exempt under the existing regulations. As Healthcare Services Group detailed in its Notice of Supplemental Authority, the Eastern District of Texas has now issued a final decision in *Nevada v. Department of Labor*, holding that the Final Rule—which it had temporarily enjoined—is unlawful and invalid. *Nevada v. Dep't of Labor*, No. 4:16-cv-00731-ALM, slip. op., at 14–18 (E.D. Tex. Aug. 31, 2017). For these reasons, Defendant denies that Panza and Miller are entitled to any overtime compensation, liquidated damages, attorneys' fees, or costs, or any other damages, legal or equitable.

3. Panza and Miller filed the Complaint on behalf of themselves and all former and current Account Managers, including Housekeeping and Dietary Account Managers, employed by Defendant Healthcare Services Group between December 1, 2016 and the present. The action has not been conditionally certified pursuant to Section 16(b) of the FLSA, and has not been certified for class treatment pursuant to Fed. R. Civ. P. 23. Two individuals, Bradford and Daub, have filed notices of consent to participate as party plaintiffs.

4. Defendant asserts that Bradford, Daub, and all other Account Managers were properly classified as exempt because the Final Rule—which would have raised the salary

threshold for exempt employees—was temporarily enjoined before it ever went into effect and subsequently invalidated, and Plaintiffs made no allegations that they were improperly classified as exempt under the existing regulations. As a result, Defendant denies that Bradford, Daub, or any other purported class or collective members are entitled to any overtime compensation, liquidated damages, attorneys' fees, or costs, or any other damages, legal or equitable in nature.

5. Defendant also asserts, as detailed in its Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Proceedings, that the Court should dismiss or stay the proceedings in the case based upon the arbitration agreements entered into by Daub and other putative collective action members.

6. In an effort to avoid expenses associated with the continued litigation of this action, the Parties have reached an agreement to settle Panza, Miller, Bradford, and Daub's individual claims and have memorialized the agreement in a document ("the Agreement") being filed as Exhibit A to this motion.

7. Panza claims that Defendant misclassified him as an exempt employee and that Defendant failed to pay him overtime compensation as required under the FLSA and the OMFWSA for the hours he worked over forty (40) each workweek. Defendant asserts that Panza was properly classified as exempt from overtime requirements for the reasons described in Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay the Proceedings, referenced above. If the Plaintiffs completely prevailed in this matter and Panza recovered 100% of his alleged damages, he would be owed approximately $14,060.44 in overtime damages, plus an equal amount as liquidated damages, based on five (5) additional hours of work per week. Under the terms of the attached Agreement, Panza will receive $11,248.35 in backpay. The Parties

represent that this is a fair and reasonable resolution of Panza's claims due to the dispute over whether the Final Rule, which was temporarily enjoined before going into effect and subsequently invalidated, raised the salary threshold for the Executive, Administrative, and Professional exemption.

8. Miller claims that Defendant misclassified him as an exempt employee and that Defendant failed to pay him overtime compensation as required under the FLSA and the OMFWSA for the hours he worked over forty (40) each workweek. Defendant asserts that Miller was properly classified as exempt from overtime requirements for the reasons described in Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay the Proceedings, referenced above. If the Plaintiffs completely prevailed in this matter and Miller recovered 100% of his alleged damages, he would be owed approximately $11,899.38 in overtime damages, plus an equal amount as liquidated damages, based on five (5) additional hours of work per week. Under the terms of the attached Agreement, Miller will receive $9,519.50 in backpay. The Parties represent that this is a fair and reasonable resolution of Miller's claims due to the dispute over whether the Final Rule, which was temporarily enjoined before going into effect and subsequently invalidated, raised the salary threshold for the Executive, Administrative, and Professional exemption.

9. Bradford filed a notice of consent to be a party plaintiff in this case. By joining the lawsuit, Bradford also claims that she was misclassified as an exempt employee and that Defendant failed to pay her overtime compensation as required under the FLSA and the OMFWSA for the hours she worked over forty (40) each workweek. Defendant asserts that Bradford was properly classified as exempt from the FLSA's overtime requirements for the reasons described in

4

Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay the Proceedings, referenced above. If the Plaintiffs completely prevailed in this matter and Bradford recovered 100% of her alleged damages, she would be owed approximately $4,875.00 in overtime damages, plus an equal amount as liquidated damages, based on five (5) additional hours of work per week. Under the terms of the attached Agreement, Bradford will receive $3,900.00 in backpay. The Parties represent that this is a fair and reasonable resolution of Bradford's claims due to the dispute over whether the Final Rule, which was temporarily enjoined before going into effect and subsequently invalidated, raised the salary threshold for the Executive, Administrative, and Professional exemption.

      10.    Daub filed a notice of consent to be a party plaintiff in this case. By joining the lawsuit, Daub also claims that she was misclassified as an exempt employee and that Defendant failed to pay her overtime compensation as required under the FLSA and the OMFWSA for the hours she worked over forty (40) each workweek. Defendant asserts that Daub was properly classified as exempt from the FLSA's overtime requirements for the reasons described in Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay the Proceedings, referenced above. If the Plaintiffs completely prevailed in this matter and Daub recovered 100% of her alleged damages, she would be owed approximately $9,881.25 in overtime damages, plus an equal amount as liquidated damages, based on five (5) additional hours of work per week. Under the terms of the attached Agreement, Daub will receive $7,905.00 in backpay. The Parties represent that this is a fair and reasonable resolution of Daub's claims due to the dispute over whether the Final Rule, which was temporarily enjoined before going into effect and subsequently

invalidated, raised the salary threshold for the Executive, Administrative, and Professional exemption.

11. Before approving a settlement under the FLSA, the district court must find that: (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair, reasonable, and adequate, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Perkins v. Evolved, Inc.*, No. 2:16-CV-724, 2017 WL 2987220, at *1 (S.D. Ohio June 13, 2017); *Lackie v. U.S. Well Servs., Inc.*, No. 2:15-CV-695, 2017 WL 784815, at *2 (S.D. Ohio Mar. 1, 2017), *report and recommendation adopted*, No. 2:15-CV-695, 2017 WL 951479 (S.D. Ohio Mar. 10, 2017); *Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015).

12. As discussed above, the Parties have agreed to settle Plaintiffs' claims in this dispute through the execution of a Settlement Agreement and General Release. The Parties, including Plaintiffs' Counsel, agree that the settlement terms they have reached in this action represent a fair and equitable resolution of the matter. See Declaration of Anthony J. Lazzaro, Exhibit B. The terms of the Agreement are contingent upon approval by the Court. Thus, the Parties respectfully request that the Court approve their settlement and issue an Order dismissing the instant action, with prejudice.

13. The Parties negotiated the terms of the Agreement at arms-length and in good faith. The settlement allows the Parties to avoid the significant time, expense, and uncertainty of protracted litigation. Settlement is also a reasonable means for the Parties to minimize future risks and litigation. The Parties have been represented, at all times, by experienced counsel. There has been sufficient investigation with respect to the Plaintiffs' claims in this matter to allow counsel to act intelligently and to make an informed decision regarding settlement.

6

14. The Parties stipulate to the entry of the Order Granting Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice, with prejudice, submitted herewith.

For these reasons, the Parties jointly request the Court enter the Order, submitted herewith, approving the Agreement and finding the Agreement is a fair, equitable, and reasonable resolution of the disputed claims, and dismissing this action with prejudice, with fees and costs paid according to the terms of the Agreement.

Dated this 11th day of December, 2017.

Respectfully submitted,

*/s/Hans A. Nilges*
Hans A. Nilges
Shannon M. Draher
Michaela M. Calhoun
**NILGES DRAHER LLC**
7266 Portage St. NW, Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com
mcalhoun@ohlaborlaw.com

*/s/Anthony J. Lazzaro*
Anthony J. Lazzaro
Lori M. Griffin
Chastity L. Christy
**THE LAZZARO LAW FIRM, LLC**
920 Rockefeller Building
614 W. Superior Avenue
Cleveland Ohio 44113
Telephone: (216) 696-5000
Facsimile: (216) 696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com

*Attorneys for Plaintiffs*

*/s/ Dustin M. Dow*
Dustin M. Dow
**BAKER & HOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114-1214
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
ddow@bakerlaw.com

*/s/ Steven W. Moore*
Steven W. Moore
Rayner Mangum
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
Dominion Towers
600 17th Street, Suite 2700-S
Denver, Colorado 80202
Telephone: (720) 343-7533
Facsimile: (720) 343-7573
smoore@constangy.com
rmangum@constangy.com

*/s/ Jill S. Stricklin*
Jill S. Stricklin
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
100 N. Cherry Street, Suite 300

        Winston-Salem, North Carolina 27101-4016
        Telephone: (336) 721-1001
        Facsimile: (336) 748-9112
        jstricklin@constangy.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2017, a copy of the foregoing **Joint Motion for Approval of Settlement and Dismissal with Prejudice** was filed electronically. Notice of this filing has been sent to all parties by the Court's e-filing notification system.

/s/Dustin M. Dow_____

*One of the Attorneys for Defendant*