# EXHIBIT A

## <u>SETTLEMENT AGREEMENT & GENERAL RELEASE</u>

This Settlement Agreement & General Release (hereinafter referred to as the "Agreement") is entered into by and between Plaintiffs Joseph Panza ("Panza") and Eric Miller ("Miller"), Opt-in Plaintiffs Ann Bradford ("Bradford") and Judith Daub ("Daub"), and Defendant Healthcare Services Group, Inc. ("Healthcare Services Group") (collectively, "the Parties").

WHEREAS, Panza and Miller filed a lawsuit against Healthcare Services Group in the Northern District of Ohio entitled *Panza, et al. v. Healthcare Services Group, Inc.*, No. 1:17-cv-01342-SO (hereinafter "the Lawsuit"), alleging violations of the Fair Labor Standards Act, as amended ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

WHEREAS, in the Lawsuit, Panza and Miller alleged that Healthcare Services Group misclassified them as exempt employees and did not pay them overtime compensation as required by the FLSA and the OMFWSA.  Panza and Miller's claim of misclassification relies upon the salary-level provisions of the Department of Labor's "Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees Final Rule" ("Final Rule"), which had they become effective, would have raised the salary compensation level for the Executive, Administrative, and Professional exemption.

WHEREAS, Panza and Miller filed the Lawsuit on behalf of themselves and all former and current Account Managers, including Housekeeping and Dietary Account Managers, employed by Defendant Healthcare Services Group between December 1, 2016 and the present.

WHEREAS, the Lawsuit has not been conditionally certified pursuant to Section 16(b) of the FLSA and has not been certified for class treatment pursuant to Fed. R. Civ. P. 23.

WHEREAS, Bradford and Daub filed notices of consent to join the Lawsuit as party plaintiffs;

WHEREAS, in response to the Complaint in the Lawsuit, Healthcare Services Group filed with the Court a "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Proceedings."

WHEREAS, in support of its Motion to Dismiss, Healthcare Services Group contended that Plaintiffs had failed to state a claim upon which relief may be granted and no justiciable case or controversy exists because the Final Rule, which would have raised the salary threshold for exempt employees, was temporarily enjoined by the Eastern District of Texas in *Nevada v. U.S.*

Page 1 of 10                                                             Panza's Initials ___
                                                                        Miller's Initials ___
                                                                        Bradford's Initials ___
                                                                        Daub's Initials ___

DocuSign Envelope ID: E780BB8E-AB35-4224-8D6A-4B7DCEC36C79

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

*Department of Labor* before it ever went into effect, and Plaintiffs make no allegations in the Lawsuit that they were improperly classified as exempt under the existing regulations. As Healthcare Services Group detailed in its Notice of Supplemental Authority, the Eastern District of Texas has now issued a final decision in *Nevada v. Department of Labor*, holding that the Final Rule—which it had temporarily enjoined—is unlawful and invalid.

WHEREAS, Healthcare Services Group asserted, in the alternative to its Motion to Dismiss on the above-referenced grounds, that the Court should dismiss or stay the proceedings in the Lawsuit based upon the arbitration agreements entered into by Daub and other putative collective action members.

WHEREAS, Healthcare Services Group denies each and every allegation of liability and wrongdoing that was asserted or could have been asserted by Panza, Miller, Bradford, Daub or any members of the purported class, and asserts that it has factual and legal defenses to all claims alleged in the Lawsuit;

WHEREAS, all Parties to this Agreement wish to avoid the time and expense which would be necessitated by further proceedings regarding the allegations in the Lawsuit and wish to effect complete accord and satisfaction of any and all charges, complaints or claims that have or could have been brought from the beginning of time to the date of execution of this Agreement, whether arising under local, state, or federal law or contract.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties to this Agreement agree as follows:

1.      The Parties agree that they will jointly file a motion with the United States District Court for the Northern District of Ohio, requesting that this Agreement be approved and that the Lawsuit be dismissed with prejudice. The effective date of this Agreement shall be the date that the Court approves this Agreement and dismisses the Lawsuit with prejudice ("Effective Date"). However, in the event that the Court does not approve this Agreement or dismiss the Lawsuit with prejudice, the Parties agree and acknowledge that this Agreement shall be null and void and have no effect.

2.      In consideration for Panza, Miller, Bradford, and Daub's promises made herein, and upon the Court approving this Agreement and dismissing the Lawsuit with prejudice, Healthcare Services Group shall pay the sum of FIFTY-TWO THOUSAND NINE HUNDRED SEVENTY-TWO AND 86/100 DOLLARS ($52,972.86) ("Settlement Sum") to Panza, Miller, Bradford, Daub, and their attorneys, as set forth below. Payment of the Settlement Sum will be in six (6) checks as follows:

Page 2 of 7

Panza's Initials ____
Miller's Initials ____
Bradford's Initials ____
Daub's Initials ____

DocuSign Envelope ID: E780BB8E-AB35-4224-8D6A-4B7DCEC36C79

Case: 1:17-cv-01342-SO  Doc #: 15-1  Filed: 12/11/17  4 of 30.  PageID #: 176

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

a. Healthcare Services Group agrees to pay one check in the gross amount of ELEVEN THOUSAND TWO HUNDRED FORTY-EIGHT AND 35/100 DOLLARS ($11,248.35), less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Panza against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Panza an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Joseph Panza."

b. Healthcare Services Group agrees to pay a second check in the gross amount of NINE THOUSAND FIVE HUNDRED NINETEEN AND 50/100 DOLLARS ($9,519.50) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Miller against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Miller an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Eric Miller."

c. Healthcare Services Group agrees to pay a third check in the gross amount of THREE THOUSAND NINE HUNDRED AND 00/100 DOLLARS ($3,900.00) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Bradford against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Bradford an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Ann Bradford."

d. Healthcare Services Group agrees to pay a fourth check in the gross amount of SEVEN THOUSAND NINE HUNDRED FIVE AND 00/100 DOLLARS ($7,905.00) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Daub against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Daub an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Judith Daub."

e. Healthcare Services Group agrees to pay TWENTY THOUSAND FOUR HUNDRED AND 00/100 DOLLARS ($20,400.00), representing attorneys' fees and costs incurred on Panza, Miller, Bradford, and Daub's behalf for the filing and prosecution of the Lawsuit. For income tax purposes, Healthcare

Panza's Initials ____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

Services Group shall issue an IRS Tax Form 1099-MISC to each firm involved in the Lawsuit at the appropriate time pursuant to IRS regulations. Each firm must complete and return a signed W-9 in order for payment to be processed by Healthcare Services Group.

    i.    One check will be made payable to "The Lazzaro Law Firm, LLC" in the amount of $10,400.00.

    ii.    One check will be made payable to "Nilges Draher LLC" in the amount of $10,000.00.

The checks will be delivered within a reasonable time not to exceed thirty (30) days following the Effective Date of this Agreement to the law offices of The Lazzaro Law Firm, LLC, 920 Rockefeller Building, 614 W. Superior Avenue, Cleveland, OH 44113.

3.    Panza, Miller, Bradford, and Daub acknowledge and agree that Healthcare Services Group has made no representations to them regarding the tax consequences of any amount received by them pursuant to this Agreement. Panza, Miller, Bradford, and Daub represent and agree that they are solely responsible for any taxes that may be determined to be due and owing as a result of the payments called for by this Agreement. Panza, Miller, Bradford, and Daub further agree to indemnify and hold Healthcare Services Group harmless from any and all claims made against Healthcare Services Group for back taxes owed or for statutory withholding amounts, including any penalties, costs or legal fees incurred, relating to the payments made pursuant to this Agreement, except for any employer contributions to FICA and Medicare that may be assessed to Healthcare Services Group. Panza, Miller, Bradford, and Daub agree to consult with their own tax advisors regarding the tax implications of this Agreement.

4.    In exchange for the Settlement Sum described in this Agreement, and other agreements stated in this Agreement, Panza, Miller, Bradford, and Daub, for themselves and anyone who has or who obtains legal rights or claims from them, forever release and discharge Healthcare Services Group, from any and all claims and causes of action arising on or before the Effective Date of this Agreement, whether known or unknown, foreseen or unforeseen, and whether asserted or not. This includes but is not limited to a release of: (a) any claim asserted or which could have been asserted in the Lawsuit, including all claims arising out of or in any way related to the FLSA, as amended, and the OMFWSA; (b) any rights or claims they may have pursuant to any federal, state, or local law, including, without limitation, the following federal and state statutes, each as amended, and their corresponding regulations: Title VII of the Civil Rights Act of 1964; the FLSA; the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Civil Rights Act of 1991; the Civil Rights Acts of 1866 and 1871; the

Page 4 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

DocuSign Envelope ID: E780BB8E-AB35-4224-8D6A-4B7DCEC36C79

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

Equal Pay Act of 1963; the Family and Medical Leave Act of 1993; the National Labor Relations Act; the Occupational Safety and Health Act of 1970; the Rehabilitation Act of 1973; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Age Discrimination in Employment Act of 1967; Sections 1981 through 1988 of Title 42 of the United States Code; the Genetic Information Nondiscrimination Act; the Fair Credit Reporting Act; the Lilly Ledbetter Fair Pay Act of 2009; the Immigration Reform and Control Act of 1986; the Worker Adjustment and Retraining Notification Act; the Uniformed Service Employment and Reemployment Rights Act; the Electronic Communication Privacy Act of 1986 (including the Stored Communications Act); Ohio's Anti-Discrimination Statute, Ohio Rev. Code Ann. § 4112.02; the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03; the Ohio Equal Pay Act, Ohio Rev. Code Ann. § 4111.17; and (c) any common law claims for allegedly unpaid wages, overtime, compensation, damages, tort, breach of express or implied contract, breach of duty of good faith, discrimination, harassment, wrongful discharge, intentional or negligent infliction of emotional distress, defamation and for any other damages or injuries incurred on the job, in relation to employment or incurred as a result of loss of employment.  Panza, Miller, Bradford, and Daub understand and agree that this general release includes and encompasses herein any and all claims with respect to attorneys' fees, costs, and expenses (provided by statute or otherwise) for or by any and all attorneys who have represented them or with whom they have consulted or who have done anything in connection with the Lawsuit and/or any of the claims released herein.

5.      Panza, Miller, Bradford, and Daub understand, agree and acknowledge that nothing contained in this Agreement will prevent them from taking any of the following actions:  (a) filing a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission, and/or any governmental authority charged with the enforcement of any laws (the "Agencies"); (b) reporting possible violations of any law or regulation to any of the Agencies; (c) making disclosures to, and/or participating in any investigation or proceeding conducted by any of the Agencies; or (d) bringing a workers' compensation claim under the Ohio Workers' Compensation Act, Ohio Rev. Code Ann. § 4123.01.

6.      Panza, Miller, Bradford, and Daub represent and warrant that they have not heretofore given, sold, assigned or transferred or purported to give, sell, assign or transfer any claim discussed in this Agreement or any part or portion thereof to any person, firm, corporation, association or entity.  Panza, Miller, Bradford, and Daub agree to indemnify and hold Healthcare Services Group harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation be commenced) based on, in connection with, or arising out of any such gift, sale, assignment or transfer or purported or claimed gift, sale, assignment or transfer.

Page 5 of 7

Panza's Initials _JP_
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

7.      Healthcare Services Group makes this Agreement to avoid the cost of defending against the Lawsuit and/or any future legal action.  By making this Agreement, Healthcare Services Group does not admit that Healthcare Services Group violated any federal, state, or local law, rule, regulation, or ordinance, or that any action taken with respect to Panza, Miller, Bradford, Daub, or the purported class was wrongful or unlawful or that Healthcare Services Group breached any of its policies or procedures.  The Parties agree that this Agreement and any information relating to its existence or the negotiations surrounding the Agreement may not be used as evidence in any subsequent proceeding, except one in which either of the Parties alleges a breach of this Agreement or one in which either of the Parties elects to use the Agreement as a defense to any claim.

8.      This Agreement is the whole Agreement between the Parties and supersedes any and all prior agreements between Panza and Healthcare Services Group, Miller and Healthcare Services Group, Bradford and Healthcare Services Group, and Daub and Healthcare Services Group, except that, if Panza, Miller, Bradford, or Daub previously entered into any agreement(s) with Healthcare Services Group containing provisions governing confidential information, trade secrets, non-competition or non-solicitation, such provisions shall remain in full force and effect. Other than as stated herein, the Parties acknowledge that no promise or inducement has been offered for this Agreement and that this Agreement is executed without reliance on any statement of the Parties or their representatives.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party. Further, this Agreement may not be amended except by written agreement executed by duly authorized representatives of all Parties.

9.      This Agreement may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same instrument.  This Agreement shall not be binding upon Panza, Miller, or Healthcare Services Group until it is executed by all Parties and approved by the Court.

10.      The failure by any Party to enforce at any time any of the provisions of this Agreement or to require at any time performance by another Party of any of the provisions herein shall in no way be construed to be a waiver of such provision or to affect the validity thereof.

11.      This Agreement shall in all respects be interpreted, enforced and governed according to the laws of the State of Ohio, without giving effect to the conflict of laws principles of said State.

12.      Panza, Miller, Bradford, and Daub acknowledge that they are represented by counsel and prior to the execution of this Agreement, they apprised themselves of sufficient relevant information to exercise their own considered judgment when deciding whether to execute this Agreement.  Panza, Miller, Bradford, and Daub declare they have had the opportunity to

Page 6 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

---

review the contents of this Agreement and that it is executed voluntarily and with full knowledge of its consequences. Panza, Miller, Bradford, and Daub further declare their decision to enter into this Agreement was not predicated or influenced by any declaration or representation of any of the corporations or entities released other than as may be contained in this Agreement.

Dated: ___12/7/2017___

_____
DocuSigned by:
295D2705227A4AC...
Joseph Panza

Dated: _____

_____
Eric Miller

Dated: _____

_____
Ann Bradford

Dated: _____

_____
Judith Daub

Healthcare Services Group, Inc.

By: _____
Matthew Barndt
Corporate Counsel

Executed this _____ day of _____, 2017.

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

4899967v.1

## SETTLEMENT AGREEMENT & GENERAL RELEASE

This Settlement Agreement & General Release (hereinafter referred to as the "Agreement") is entered into by and between Plaintiffs Joseph Panza ("Panza") and Eric Miller ("Miller"), Opt-in Plaintiffs Ann Bradford ("Bradford") and Judith Daub ("Daub"), and Defendant Healthcare Services Group, Inc. ("Healthcare Services Group") (collectively, "the Parties").

WHEREAS, Panza and Miller filed a lawsuit against Healthcare Services Group in the Northern District of Ohio entitled *Panza, et al. v. Healthcare Services Group, Inc.*, No. 1:17-cv-01342-SO (hereinafter "the Lawsuit"), alleging violations of the Fair Labor Standards Act, as amended ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

WHEREAS, in the Lawsuit, Panza and Miller alleged that Healthcare Services Group misclassified them as exempt employees and did not pay them overtime compensation as required by the FLSA and the OMFWSA. Panza and Miller's claim of misclassification relies upon the salary-level provisions of the Department of Labor's "Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees Final Rule" ("Final Rule"), which had they become effective, would have raised the salary compensation level for the Executive, Administrative, and Professional exemption.

WHEREAS, Panza and Miller filed the Lawsuit on behalf of themselves and all former and current Account Managers, including Housekeeping and Dietary Account Managers, employed by Defendant Healthcare Services Group between December 1, 2016 and the present.

WHEREAS, the Lawsuit has not been conditionally certified pursuant to Section 16(b) of the FLSA and has not been certified for class treatment pursuant to Fed. R. Civ. P. 23.

WHEREAS, Bradford and Daub filed notices of consent to join the Lawsuit as party plaintiffs;

WHEREAS, in response to the Complaint in the Lawsuit, Healthcare Services Group filed with the Court a "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Proceedings."

WHEREAS, in support of its Motion to Dismiss, Healthcare Services Group contended that Plaintiffs had failed to state a claim upon which relief may be granted and no justiciable case or controversy exists because the Final Rule, which would have raised the salary threshold for exempt employees, was temporarily enjoined by the Eastern District of Texas in *Nevada v. U.S.*

Page 1 of 10

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

4862038v.2
4862038v.3
4899967v.1

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

*Department of Labor* before it ever went into effect, and Plaintiffs make no allegations in the Lawsuit that they were improperly classified as exempt under the existing regulations. As Healthcare Services Group detailed in its Notice of Supplemental Authority, the Eastern District of Texas has now issued a final decision in *Nevada v. Department of Labor*, holding that the Final Rule—which it had temporarily enjoined—is unlawful and invalid.

WHEREAS, Healthcare Services Group asserted, in the alternative to its Motion to Dismiss on the above-referenced grounds, that the Court should dismiss or stay the proceedings in the Lawsuit based upon the arbitration agreements entered into by Daub and other putative collective action members.

WHEREAS, Healthcare Services Group denies each and every allegation of liability and wrongdoing that was asserted or could have been asserted by Panza, Miller, Bradford, Daub or any members of the purported class, and asserts that it has factual and legal defenses to all claims alleged in the Lawsuit;

WHEREAS, all Parties to this Agreement wish to avoid the time and expense which would be necessitated by further proceedings regarding the allegations in the Lawsuit and wish to effect complete accord and satisfaction of any and all charges, complaints or claims that have or could have been brought from the beginning of time to the date of execution of this Agreement, whether arising under local, state, or federal law or contract.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties to this Agreement agree as follows:

1.    The Parties agree that they will jointly file a motion with the United States District Court for the Northern District of Ohio, requesting that this Agreement be approved and that the Lawsuit be dismissed with prejudice. The effective date of this Agreement shall be the date that the Court approves this Agreement and dismisses the Lawsuit with prejudice ("Effective Date"). However, in the event that the Court does not approve this Agreement or dismiss the Lawsuit with prejudice, the Parties agree and acknowledge that this Agreement shall be null and void and have no effect.

2.    In consideration for Panza, Miller, Bradford, and Daub's promises made herein, and upon the Court approving this Agreement and dismissing the Lawsuit with prejudice, Healthcare Services Group shall pay the sum of FIFTY-TWO THOUSAND NINE HUNDRED SEVENTY-TWO AND 86/100 DOLLARS ($52,972.86) ("Settlement Sum") to Panza, Miller, Bradford, Daub, and their attorneys, as set forth below. Payment of the Settlement Sum will be in six (6) checks as follows:

Page 2 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

a. Healthcare Services Group agrees to pay one check in the gross amount of ELEVEN THOUSAND TWO HUNDRED FORTY-EIGHT AND 35/100 DOLLARS ($11,248.35), less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Panza against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Panza an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Joseph Panza."

b. Healthcare Services Group agrees to pay a second check in the gross amount of NINE THOUSAND FIVE HUNDRED NINETEEN AND 50/100 DOLLARS ($9,519.50) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Miller against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Miller an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Eric Miller."

c. Healthcare Services Group agrees to pay a third check in the gross amount of THREE THOUSAND NINE HUNDRED AND 00/100 DOLLARS ($3,900.00) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Bradford against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Bradford an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Ann Bradford."

d. Healthcare Services Group agrees to pay a fourth check in the gross amount of SEVEN THOUSAND NINE HUNDRED FIVE AND 00/100 DOLLARS ($7,905.00) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Daub against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Daub an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Judith Daub."

e. Healthcare Services Group agrees to pay TWENTY THOUSAND FOUR HUNDRED AND 00/100 DOLLARS ($20,400.00), representing attorneys' fees and costs incurred on Panza, Miller, Bradford, and Daub's behalf for the filing and prosecution of the Lawsuit. For income tax purposes, Healthcare

Page 3 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

Services Group shall issue an IRS Tax Form 1099-MISC to each firm involved in the Lawsuit at the appropriate time pursuant to IRS regulations. Each firm must complete and return a signed W-9 in order for payment to be processed by Healthcare Services Group.

   i. One check will be made payable to "The Lazzaro Law Firm, LLC" in the amount of $10,400.00.

   ii. One check will be made payable to "Nilges Draher LLC" in the amount of $10,000.00.

The checks will be delivered within a reasonable time not to exceed thirty (30) days following the Effective Date of this Agreement to the law offices of The Lazzaro Law Firm, LLC, 920 Rockefeller Building, 614 W. Superior Avenue, Cleveland, OH 44113.

   3. Panza, Miller, Bradford, and Daub acknowledge and agree that Healthcare Services Group has made no representations to them regarding the tax consequences of any amount received by them pursuant to this Agreement. Panza, Miller, Bradford, and Daub represent and agree that they are solely responsible for any taxes that may be determined to be due and owing as a result of the payments called for by this Agreement. Panza, Miller, Bradford, and Daub further agree to indemnify and hold Healthcare Services Group harmless from any and all claims made against Healthcare Services Group for back taxes owed or for statutory withholding amounts, including any penalties, costs or legal fees incurred, relating to the payments made pursuant to this Agreement, except for any employer contributions to FICA and Medicare that may be assessed to Healthcare Services Group. Panza, Miller, Bradford, and Daub agree to consult with their own tax advisors regarding the tax implications of this Agreement.

   4. In exchange for the Settlement Sum described in this Agreement, and other agreements stated in this Agreement, Panza, Miller, Bradford, and Daub, for themselves and anyone who has or who obtains legal rights or claims from them, forever release and discharge Healthcare Services Group, from any and all claims and causes of action arising on or before the Effective Date of this Agreement, whether known or unknown, foreseen or unforeseen, and whether asserted or not. This includes but is not limited to a release of: (a) any claim asserted or which could have been asserted in the Lawsuit, including all claims arising out of or in any way related to the FLSA, as amended, and the OMFWSA; (b) any rights or claims they may have pursuant to any federal, state, or local law, including, without limitation, the following federal and state statutes, each as amended, and their corresponding regulations: Title VII of the Civil Rights Act of 1964; the FLSA; the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Civil Rights Act of 1991; the Civil Rights Acts of 1866 and 1871; the

Page 4 of 7

Panza's Initials  _____
Miller's Initials  _____
Bradford's Initials  _____
Daub's Initials  _____

DocuSign Envelope ID: 51755317-B1D3-4686-A8F9-B4D3664CCE82

Equal Pay Act of 1963; the Family and Medical Leave Act of 1993; the National Labor Relations Act; the Occupational Safety and Health Act of 1970; the Rehabilitation Act of 1973; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Age Discrimination in Employment Act of 1967; Sections 1981 through 1988 of Title 42 of the United States Code; the Genetic Information Nondiscrimination Act; the Fair Credit Reporting Act; the Lilly Ledbetter Fair Pay Act of 2009; the Immigration Reform and Control Act of 1986; the Worker Adjustment and Retraining Notification Act; the Uniformed Service Employment and Reemployment Rights Act; the Electronic Communication Privacy Act of 1986 (including the Stored Communications Act); Ohio's Anti-Discrimination Statute, Ohio Rev. Code Ann. § 4112.02; the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03; the Ohio Equal Pay Act, Ohio Rev. Code Ann. § 4111.17; and (c) any common law claims for allegedly unpaid wages, overtime, compensation, damages, tort, breach of express or implied contract, breach of duty of good faith, discrimination, harassment, wrongful discharge, intentional or negligent infliction of emotional distress, defamation and for any other damages or injuries incurred on the job, in relation to employment or incurred as a result of loss of employment. Panza, Miller, Bradford, and Daub understand and agree that this general release includes and encompasses herein any and all claims with respect to attorneys' fees, costs, and expenses (provided by statute or otherwise) for or by any and all attorneys who have represented them or with whom they have consulted or who have done anything in connection with the Lawsuit and/or any of the claims released herein.

5.      Panza, Miller, Bradford, and Daub understand, agree and acknowledge that nothing contained in this Agreement will prevent them from taking any of the following actions: (a) filing a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission, and/or any governmental authority charged with the enforcement of any laws (the "Agencies"); (b) reporting possible violations of any law or regulation to any of the Agencies; (c) making disclosures to, and/or participating in any investigation or proceeding conducted by any of the Agencies; or (d) bringing a workers' compensation claim under the Ohio Workers' Compensation Act, Ohio Rev. Code Ann. § 4123.01.

6.      Panza, Miller, Bradford, and Daub represent and warrant that they have not heretofore given, sold, assigned or transferred or purported to give, sell, assign or transfer any claim discussed in this Agreement or any part or portion thereof to any person, firm, corporation, association or entity. Panza, Miller, Bradford, and Daub agree to indemnify and hold Healthcare Services Group harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation be commenced) based on, in connection with, or arising out of any such gift, sale, assignment or transfer or purported or claimed gift, sale, assignment or transfer.

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

7.      Healthcare Services Group makes this Agreement to avoid the cost of defending against the Lawsuit and/or any future legal action.  By making this Agreement, Healthcare Services Group does not admit that Healthcare Services Group violated any federal, state, or local law, rule, regulation, or ordinance, or that any action taken with respect to Panza, Miller, Bradford, Daub, or the purported class was wrongful or unlawful or that Healthcare Services Group breached any of its policies or procedures.  The Parties agree that this Agreement and any information relating to its existence or the negotiations surrounding the Agreement may not be used as evidence in any subsequent proceeding, except one in which either of the Parties alleges a breach of this Agreement or one in which either of the Parties elects to use the Agreement as a defense to any claim.

8.      This Agreement is the whole Agreement between the Parties and supersedes any and all prior agreements between Panza and Healthcare Services Group, Miller and Healthcare Services Group, Bradford and Healthcare Services Group, and Daub and Healthcare Services Group, except that, if Panza, Miller, Bradford, or Daub previously entered into any agreement(s) with Healthcare Services Group containing provisions governing confidential information, trade secrets, non-competition or non-solicitation, such provisions shall remain in full force and effect.  Other than as stated herein, the Parties acknowledge that no promise or inducement has been offered for this Agreement and that this Agreement is executed without reliance on any statement of the Parties or their representatives.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party.  Further, this Agreement may not be amended except by written agreement executed by duly authorized representatives of all Parties.

9.      This Agreement may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same instrument.  This Agreement shall not be binding upon Panza, Miller, or Healthcare Services Group until it is executed by all Parties and approved by the Court.

10.     The failure by any Party to enforce at any time any of the provisions of this Agreement or to require at any time performance by another Party of any of the provisions herein shall in no way be construed to be a waiver of such provision or to affect the validity thereof.

11.     This Agreement shall in all respects be interpreted, enforced and governed according to the laws of the State of Ohio, without giving effect to the conflict of laws principles of said State.

12.     Panza, Miller, Bradford, and Daub acknowledge that they are represented by counsel and prior to the execution of this Agreement, they apprised themselves of sufficient relevant information to exercise their own considered judgment when deciding whether to execute this Agreement.  Panza, Miller, Bradford, and Daub declare they have had the opportunity to

Page 6 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

review the contents of this Agreement and that it is executed voluntarily and with full knowledge of its consequences. Panza, Miller, Bradford, and Daub further declare their decision to enter into this Agreement was not predicated or influenced by any declaration or representation of any of the corporations or entities released other than as may be contained in this Agreement.

Dated: _____

_____
Joseph Panza

Dated: ___12/7/2017___

_____
Eric Miller

Dated: _____

_____
Ann Bradford

Dated: _____

_____
Judith Daub


Healthcare Services Group, Inc.


By: _____
        Matthew Barndt
        Corporate Counsel

Executed this _____ day of _____, 2017.

Page 7 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

## <u>SETTLEMENT AGREEMENT & GENERAL RELEASE</u>

This Settlement Agreement & General Release (hereinafter referred to as the "Agreement") is entered into by and between Plaintiffs Joseph Panza ("Panza") and Eric Miller ("Miller"), Opt-in Plaintiffs Ann Bradford ("Bradford") and Judith Daub ("Daub"), and Defendant Healthcare Services Group, Inc. ("Healthcare Services Group") (collectively, "the Parties").

WHEREAS, Panza and Miller filed a lawsuit against Healthcare Services Group in the Northern District of Ohio entitled *Panza, et al. v. Healthcare Services Group, Inc.*, No. 1:17-cv-01342-SO (hereinafter "the Lawsuit"), alleging violations of the Fair Labor Standards Act, as amended ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

WHEREAS, in the Lawsuit, Panza and Miller alleged that Healthcare Services Group misclassified them as exempt employees and did not pay them overtime compensation as required by the FLSA and the OMFWSA. Panza and Miller's claim of misclassification relies upon the salary-level provisions of the Department of Labor's "Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees Final Rule" ("Final Rule"), which had they become effective, would have raised the salary compensation level for the Executive, Administrative, and Professional exemption.

WHEREAS, Panza and Miller filed the Lawsuit on behalf of themselves and all former and current Account Managers, including Housekeeping and Dietary Account Managers, employed by Defendant Healthcare Services Group between December 1, 2016 and the present.

WHEREAS, the Lawsuit has not been conditionally certified pursuant to Section 16(b) of the FLSA and has not been certified for class treatment pursuant to Fed. R. Civ. P. 23.

WHEREAS, Bradford and Daub filed notices of consent to join the Lawsuit as party plaintiffs;

WHEREAS, in response to the Complaint in the Lawsuit, Healthcare Services Group filed with the Court a "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Proceedings."

WHEREAS, in support of its Motion to Dismiss, Healthcare Services Group contended that Plaintiffs had failed to state a claim upon which relief may be granted and no justiciable case or controversy exists because the Final Rule, which would have raised the salary threshold for exempt employees, was temporarily enjoined by the Eastern District of Texas in *Nevada v. U.S.*

Page 1 of 10

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

DocuSign Envelope ID: BC274703-0891-4423-8075-2C2EA1CF8131

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

*Department of Labor* before it ever went into effect, and Plaintiffs make no allegations in the Lawsuit that they were improperly classified as exempt under the existing regulations. As Healthcare Services Group detailed in its Notice of Supplemental Authority, the Eastern District of Texas has now issued a final decision in *Nevada v. Department of Labor*, holding that the Final Rule—which it had temporarily enjoined—is unlawful and invalid.

WHEREAS, Healthcare Services Group asserted, in the alternative to its Motion to Dismiss on the above-referenced grounds, that the Court should dismiss or stay the proceedings in the Lawsuit based upon the arbitration agreements entered into by Daub and other putative collective action members.

WHEREAS, Healthcare Services Group denies each and every allegation of liability and wrongdoing that was asserted or could have been asserted by Panza, Miller, Bradford, Daub or any members of the purported class, and asserts that it has factual and legal defenses to all claims alleged in the Lawsuit;

WHEREAS, all Parties to this Agreement wish to avoid the time and expense which would be necessitated by further proceedings regarding the allegations in the Lawsuit and wish to effect complete accord and satisfaction of any and all charges, complaints or claims that have or could have been brought from the beginning of time to the date of execution of this Agreement, whether arising under local, state, or federal law or contract.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties to this Agreement agree as follows:

1. The Parties agree that they will jointly file a motion with the United States District Court for the Northern District of Ohio, requesting that this Agreement be approved and that the Lawsuit be dismissed with prejudice. The effective date of this Agreement shall be the date that the Court approves this Agreement and dismisses the Lawsuit with prejudice ("Effective Date"). However, in the event that the Court does not approve this Agreement or dismiss the Lawsuit with prejudice, the Parties agree and acknowledge that this Agreement shall be null and void and have no effect.

2. In consideration for Panza, Miller, Bradford, and Daub's promises made herein, and upon the Court approving this Agreement and dismissing the Lawsuit with prejudice, Healthcare Services Group shall pay the sum of FIFTY-TWO THOUSAND NINE HUNDRED SEVENTY-TWO AND 86/100 DOLLARS ($52,972.86) ("Settlement Sum") to Panza, Miller, Bradford, Daub, and their attorneys, as set forth below. Payment of the Settlement Sum will be in six (6) checks as follows:

Page 2 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials J D

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

a. Healthcare Services Group agrees to pay one check in the gross amount of ELEVEN THOUSAND TWO HUNDRED FORTY-EIGHT AND 35/100 DOLLARS ($11,248.35), less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Panza against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Panza an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Joseph Panza."

b. Healthcare Services Group agrees to pay a second check in the gross amount of NINE THOUSAND FIVE HUNDRED NINETEEN AND 50/100 DOLLARS ($9,519.50) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Miller against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Miller an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Eric Miller."

c. Healthcare Services Group agrees to pay a third check in the gross amount of THREE THOUSAND NINE HUNDRED AND 00/100 DOLLARS ($3,900.00) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Bradford against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Bradford an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Ann Bradford."

d. Healthcare Services Group agrees to pay a fourth check in the gross amount of SEVEN THOUSAND NINE HUNDRED FIVE AND 00/100 DOLLARS ($7,905.00) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Daub against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Daub an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Judith Daub."

e. Healthcare Services Group agrees to pay TWENTY THOUSAND FOUR HUNDRED AND 00/100 DOLLARS ($20,400.00), representing attorneys' fees and costs incurred on Panza, Miller, Bradford, and Daub's behalf for the filing and prosecution of the Lawsuit. For income tax purposes, Healthcare

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials ⌐JD⌐

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

Services Group shall issue an IRS Tax Form 1099-MISC to each firm involved in the Lawsuit at the appropriate time pursuant to IRS regulations. Each firm must complete and return a signed W-9 in order for payment to be processed by Healthcare Services Group.

   i. One check will be made payable to "The Lazzaro Law Firm, LLC" in the amount of $10,400.00.

   ii. One check will be made payable to "Nilges Draher LLC" in the amount of $10,000.00.

The checks will be delivered within a reasonable time not to exceed thirty (30) days following the Effective Date of this Agreement to the law offices of The Lazzaro Law Firm, LLC, 920 Rockefeller Building, 614 W. Superior Avenue, Cleveland, OH 44113.

3.     Panza, Miller, Bradford, and Daub acknowledge and agree that Healthcare Services Group has made no representations to them regarding the tax consequences of any amount received by them pursuant to this Agreement. Panza, Miller, Bradford, and Daub represent and agree that they are solely responsible for any taxes that may be determined to be due and owing as a result of the payments called for by this Agreement. Panza, Miller, Bradford, and Daub further agree to indemnify and hold Healthcare Services Group harmless from any and all claims made against Healthcare Services Group for back taxes owed or for statutory withholding amounts, including any penalties, costs or legal fees incurred, relating to the payments made pursuant to this Agreement, except for any employer contributions to FICA and Medicare that may be assessed to Healthcare Services Group. Panza, Miller, Bradford, and Daub agree to consult with their own tax advisors regarding the tax implications of this Agreement.

4.     In exchange for the Settlement Sum described in this Agreement, and other agreements stated in this Agreement, Panza, Miller, Bradford, and Daub, for themselves and anyone who has or who obtains legal rights or claims from them, forever release and discharge Healthcare Services Group, from any and all claims and causes of action arising on or before the Effective Date of this Agreement, whether known or unknown, foreseen or unforeseen, and whether asserted or not. This includes but is not limited to a release of: (a) any claim asserted or which could have been asserted in the Lawsuit, including all claims arising out of or in any way related to the FLSA, as amended, and the OMFWSA; (b) any rights or claims they may have pursuant to any federal, state, or local law, including, without limitation, the following federal and state statutes, each as amended, and their corresponding regulations: Title VII of the Civil Rights Act of 1964; the FLSA; the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Civil Rights Act of 1991; the Civil Rights Acts of 1866 and 1871; the

Page 4 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

Equal Pay Act of 1963; the Family and Medical Leave Act of 1993; the National Labor Relations Act; the Occupational Safety and Health Act of 1970; the Rehabilitation Act of 1973; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Age Discrimination in Employment Act of 1967; Sections 1981 through 1988 of Title 42 of the United States Code; the Genetic Information Nondiscrimination Act; the Fair Credit Reporting Act; the Lilly Ledbetter Fair Pay Act of 2009; the Immigration Reform and Control Act of 1986; the Worker Adjustment and Retraining Notification Act; the Uniformed Service Employment and Reemployment Rights Act; the Electronic Communication Privacy Act of 1986 (including the Stored Communications Act); Ohio's Anti-Discrimination Statute, Ohio Rev. Code Ann. § 4112.02; the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03; the Ohio Equal Pay Act, Ohio Rev. Code Ann. § 4111.17; and (c) any common law claims for allegedly unpaid wages, overtime, compensation, damages, tort, breach of express or implied contract, breach of duty of good faith, discrimination, harassment, wrongful discharge, intentional or negligent infliction of emotional distress, defamation and for any other damages or injuries incurred on the job, in relation to employment or incurred as a result of loss of employment. Panza, Miller, Bradford, and Daub understand and agree that this general release includes and encompasses herein any and all claims with respect to attorneys' fees, costs, and expenses (provided by statute or otherwise) for or by any and all attorneys who have represented them or with whom they have consulted or who have done anything in connection with the Lawsuit and/or any of the claims released herein.

5.      Panza, Miller, Bradford, and Daub understand, agree and acknowledge that nothing contained in this Agreement will prevent them from taking any of the following actions: (a) filing a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission, and/or any governmental authority charged with the enforcement of any laws (the "Agencies"); (b) reporting possible violations of any law or regulation to any of the Agencies; (c) making disclosures to, and/or participating in any investigation or proceeding conducted by any of the Agencies; or (d) bringing a workers' compensation claim under the Ohio Workers' Compensation Act, Ohio Rev. Code Ann. § 4123.01.

6.      Panza, Miller, Bradford, and Daub represent and warrant that they have not heretofore given, sold, assigned or transferred or purported to give, sell, assign or transfer any claim discussed in this Agreement or any part or portion thereof to any person, firm, corporation, association or entity. Panza, Miller, Bradford, and Daub agree to indemnify and hold Healthcare Services Group harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation be commenced) based on, in connection with, or arising out of any such gift, sale, assignment or transfer or purported or claimed gift, sale, assignment or transfer.

Page 5 of 7

Panza's Initials       
Miller's Initials       
Bradford's Initials       
Daub's Initials   JD

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

7.     Healthcare Services Group makes this Agreement to avoid the cost of defending against the Lawsuit and/or any future legal action.  By making this Agreement, Healthcare Services Group does not admit that Healthcare Services Group violated any federal, state, or local law, rule, regulation, or ordinance, or that any action taken with respect to Panza, Miller, Bradford, Daub, or the purported class was wrongful or unlawful or that Healthcare Services Group breached any of its policies or procedures.  The Parties agree that this Agreement and any information relating to its existence or the negotiations surrounding the Agreement may not be used as evidence in any subsequent proceeding, except one in which either of the Parties alleges a breach of this Agreement or one in which either of the Parties elects to use the Agreement as a defense to any claim.

8.     This Agreement is the whole Agreement between the Parties and supersedes any and all prior agreements between Panza and Healthcare Services Group, Miller and Healthcare Services Group, Bradford and Healthcare Services Group, and Daub and Healthcare Services Group, except that, if Panza, Miller, Bradford, or Daub previously entered into any agreement(s) with Healthcare Services Group containing provisions governing confidential information, trade secrets, non-competition or non-solicitation, such provisions shall remain in full force and effect.  Other than as stated herein, the Parties acknowledge that no promise or inducement has been offered for this Agreement and that this Agreement is executed without reliance on any statement of the Parties or their representatives.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party.  Further, this Agreement may not be amended except by written agreement executed by duly authorized representatives of all Parties.

9.     This Agreement may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same instrument.  This Agreement shall not be binding upon Panza, Miller, or Healthcare Services Group until it is executed by all Parties and approved by the Court.

10.     The failure by any Party to enforce at any time any of the provisions of this Agreement or to require at any time performance by another Party of any of the provisions herein shall in no way be construed to be a waiver of such provision or to affect the validity thereof.

11.     This Agreement shall in all respects be interpreted, enforced and governed according to the laws of the State of Ohio, without giving effect to the conflict of laws principles of said State.

12.     Panza, Miller, Bradford, and Daub acknowledge that they are represented by counsel and prior to the execution of this Agreement, they apprised themselves of sufficient relevant information to exercise their own considered judgment when deciding whether to execute this Agreement.  Panza, Miller, Bradford, and Daub declare they have had the opportunity to

Page 6 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

review the contents of this Agreement and that it is executed voluntarily and with full knowledge of its consequences. Panza, Miller, Bradford, and Daub further declare their decision to enter into this Agreement was not predicated or influenced by any declaration or representation of any of the corporations or entities released other than as may be contained in this Agreement.

Dated: _____                    _____
                                           Joseph Panza


Dated: _____                    _____
                                           Eric Miller


Dated: _____                    _____
                                           Ann Bradford


Dated:  12/7/2017                          _____
                                           Judith Daub


                                           Healthcare Services Group, Inc.


                                           By: _____
                                                Matthew Barndt
                                                Corporate Counsel

                                           Executed this _____ day of _____, 2017.


Page 7 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

## SETTLEMENT AGREEMENT & GENERAL RELEASE

This Settlement Agreement & General Release (hereinafter referred to as the "Agreement") is entered into by and between Plaintiffs Joseph Panza ("Panza") and Eric Miller ("Miller"), Opt-in Plaintiffs Ann Bradford ("Bradford") and Judith Daub ("Daub"), and Defendant Healthcare Services Group, Inc. ("Healthcare Services Group") (collectively, "the Parties").

WHEREAS, Panza and Miller filed a lawsuit against Healthcare Services Group in the Northern District of Ohio entitled *Panza, et al. v. Healthcare Services Group, Inc.*, No. 1:17-cv-01342-SO (hereinafter "the Lawsuit"), alleging violations of the Fair Labor Standards Act, as amended ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

WHEREAS, in the Lawsuit, Panza and Miller alleged that Healthcare Services Group misclassified them as exempt employees and did not pay them overtime compensation as required by the FLSA and the OMFWSA. Panza and Miller's claim of misclassification relies upon the salary-level provisions of the Department of Labor's "Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees Final Rule" ("Final Rule"), which had they become effective, would have raised the salary compensation level for the Executive, Administrative, and Professional exemption.

WHEREAS, Panza and Miller filed the Lawsuit on behalf of themselves and all former and current Account Managers, including Housekeeping and Dietary Account Managers, employed by Defendant Healthcare Services Group between December 1, 2016 and the present.

WHEREAS, the Lawsuit has not been conditionally certified pursuant to Section 16(b) of the FLSA and has not been certified for class treatment pursuant to Fed. R. Civ. P. 23.

WHEREAS, Bradford and Daub filed notices of consent to join the Lawsuit as party plaintiffs;

WHEREAS, in response to the Complaint in the Lawsuit, Healthcare Services Group filed with the Court a "Motion to Dismiss or, Alternatively, to Compel Arbitration and Stay Proceedings."

WHEREAS, in support of its Motion to Dismiss, Healthcare Services Group contended that Plaintiffs had failed to state a claim upon which relief may be granted and no justiciable case or controversy exists because the Final Rule, which would have raised the salary threshold for exempt employees, was temporarily enjoined by the Eastern District of Texas in *Nevada v. U.S.*

Page 1 of 10

Panza's Initials _____
Miller's Initials _____
Bradford's Initials | A B
Daub's Initials _____

4862038v.2
4862038v.3
4899967v.1

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

*Department of Labor* before it ever went into effect, and Plaintiffs make no allegations in the Lawsuit that they were improperly classified as exempt under the existing regulations. As Healthcare Services Group detailed in its Notice of Supplemental Authority, the Eastern District of Texas has now issued a final decision in *Nevada v. Department of Labor*, holding that the Final Rule—which it had temporarily enjoined—is unlawful and invalid.

WHEREAS, Healthcare Services Group asserted, in the alternative to its Motion to Dismiss on the above-referenced grounds, that the Court should dismiss or stay the proceedings in the Lawsuit based upon the arbitration agreements entered into by Daub and other putative collective action members.

WHEREAS, Healthcare Services Group denies each and every allegation of liability and wrongdoing that was asserted or could have been asserted by Panza, Miller, Bradford, Daub or any members of the purported class, and asserts that it has factual and legal defenses to all claims alleged in the Lawsuit;

WHEREAS, all Parties to this Agreement wish to avoid the time and expense which would be necessitated by further proceedings regarding the allegations in the Lawsuit and wish to effect complete accord and satisfaction of any and all charges, complaints or claims that have or could have been brought from the beginning of time to the date of execution of this Agreement, whether arising under local, state, or federal law or contract.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Parties to this Agreement agree as follows:

1.      The Parties agree that they will jointly file a motion with the United States District Court for the Northern District of Ohio, requesting that this Agreement be approved and that the Lawsuit be dismissed with prejudice. The effective date of this Agreement shall be the date that the Court approves this Agreement and dismisses the Lawsuit with prejudice ("Effective Date"). However, in the event that the Court does not approve this Agreement or dismiss the Lawsuit with prejudice, the Parties agree and acknowledge that this Agreement shall be null and void and have no effect.

2.      In consideration for Panza, Miller, Bradford, and Daub's promises made herein, and upon the Court approving this Agreement and dismissing the Lawsuit with prejudice, Healthcare Services Group shall pay the sum of FIFTY-TWO THOUSAND NINE HUNDRED SEVENTY-TWO AND 86/100 DOLLARS ($52,972.86) ("Settlement Sum") to Panza, Miller, Bradford, Daub, and their attorneys, as set forth below. Payment of the Settlement Sum will be in six (6) checks as follows:

Page 2 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

DocuSign Envelope ID: B742BCC0-3BC2-46B0-8D19-BA4F2A9C071D

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

a. Healthcare Services Group agrees to pay one check in the gross amount of ELEVEN THOUSAND TWO HUNDRED FORTY-EIGHT AND 35/100 DOLLARS ($11,248.35), less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Panza against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Panza an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Joseph Panza."

b. Healthcare Services Group agrees to pay a second check in the gross amount of NINE THOUSAND FIVE HUNDRED NINETEEN AND 50/100 DOLLARS ($9,519.50) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Miller against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Miller an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Eric Miller."

c. Healthcare Services Group agrees to pay a third check in the gross amount of THREE THOUSAND NINE HUNDRED AND 00/100 DOLLARS ($3,900.00) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Bradford against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Bradford an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Ann Bradford."

d. Healthcare Services Group agrees to pay a fourth check in the gross amount of SEVEN THOUSAND NINE HUNDRED FIVE AND 00/100 DOLLARS ($7,905.00) less applicable federal, state, and local withholding deductions, representing a compromise and settlement of any and all claims by Daub against Healthcare Services Group for back pay. For income tax purposes, Healthcare Services Group agrees to issue Daub an IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Judith Daub."

e. Healthcare Services Group agrees to pay TWENTY THOUSAND FOUR HUNDRED AND 00/100 DOLLARS ($20,400.00), representing attorneys' fees and costs incurred on Panza, Miller, Bradford, and Daub's behalf for the filing and prosecution of the Lawsuit. For income tax purposes, Healthcare

Page 3 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials [ AB ]
Daub's Initials _____

DocuSign Envelope ID: B742BCC0-3BC2-46B0-8D19-BA4F2A9C071D

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

Services Group shall issue an IRS Tax Form 1099-MISC to each firm involved in the Lawsuit at the appropriate time pursuant to IRS regulations. Each firm must complete and return a signed W-9 in order for payment to be processed by Healthcare Services Group.

    i. One check will be made payable to "The Lazzaro Law Firm, LLC" in the amount of $10,400.00.

    ii. One check will be made payable to "Nilges Draher LLC" in the amount of $10,000.00.

The checks will be delivered within a reasonable time not to exceed thirty (30) days following the Effective Date of this Agreement to the law offices of The Lazzaro Law Firm, LLC, 920 Rockefeller Building, 614 W. Superior Avenue, Cleveland, OH 44113.

3.     Panza, Miller, Bradford, and Daub acknowledge and agree that Healthcare Services Group has made no representations to them regarding the tax consequences of any amount received by them pursuant to this Agreement. Panza, Miller, Bradford, and Daub represent and agree that they are solely responsible for any taxes that may be determined to be due and owing as a result of the payments called for by this Agreement. Panza, Miller, Bradford, and Daub further agree to indemnify and hold Healthcare Services Group harmless from any and all claims made against Healthcare Services Group for back taxes owed or for statutory withholding amounts, including any penalties, costs or legal fees incurred, relating to the payments made pursuant to this Agreement, except for any employer contributions to FICA and Medicare that may be assessed to Healthcare Services Group. Panza, Miller, Bradford, and Daub agree to consult with their own tax advisors regarding the tax implications of this Agreement.

4.     In exchange for the Settlement Sum described in this Agreement, and other agreements stated in this Agreement, Panza, Miller, Bradford, and Daub, for themselves and anyone who has or who obtains legal rights or claims from them, forever release and discharge Healthcare Services Group, from any and all claims and causes of action arising on or before the Effective Date of this Agreement, whether known or unknown, foreseen or unforeseen, and whether asserted or not. This includes but is not limited to a release of: (a) any claim asserted or which could have been asserted in the Lawsuit, including all claims arising out of or in any way related to the FLSA, as amended, and the OMFWSA; (b) any rights or claims they may have pursuant to any federal, state, or local law, including, without limitation, the following federal and state statutes, each as amended, and their corresponding regulations: Title VII of the Civil Rights Act of 1964; the FLSA; the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Civil Rights Act of 1991; the Civil Rights Acts of 1866 and 1871; the

Page 4 of 7

Panza's Initials    _____
Miller's Initials    _____
Bradford's Initials    _AB_
Daub's Initials    _____

Equal Pay Act of 1963; the Family and Medical Leave Act of 1993; the National Labor Relations Act; the Occupational Safety and Health Act of 1970; the Rehabilitation Act of 1973; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Age Discrimination in Employment Act of 1967; Sections 1981 through 1988 of Title 42 of the United States Code; the Genetic Information Nondiscrimination Act; the Fair Credit Reporting Act; the Lilly Ledbetter Fair Pay Act of 2009; the Immigration Reform and Control Act of 1986; the Worker Adjustment and Retraining Notification Act; the Uniformed Service Employment and Reemployment Rights Act; the Electronic Communication Privacy Act of 1986 (including the Stored Communications Act); Ohio's Anti-Discrimination Statute, Ohio Rev. Code Ann. § 4112.02; the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03; the Ohio Equal Pay Act, Ohio Rev. Code Ann. § 4111.17; and (c) any common law claims for allegedly unpaid wages, overtime, compensation, damages, tort, breach of express or implied contract, breach of duty of good faith, discrimination, harassment, wrongful discharge, intentional or negligent infliction of emotional distress, defamation and for any other damages or injuries incurred on the job, in relation to employment or incurred as a result of loss of employment. Panza, Miller, Bradford, and Daub understand and agree that this general release includes and encompasses herein any and all claims with respect to attorneys' fees, costs, and expenses (provided by statute or otherwise) for or by any and all attorneys who have represented them or with whom they have consulted or who have done anything in connection with the Lawsuit and/or any of the claims released herein.

5.      Panza, Miller, Bradford, and Daub understand, agree and acknowledge that nothing contained in this Agreement will prevent them from taking any of the following actions: (a) filing a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission, and/or any governmental authority charged with the enforcement of any laws (the "Agencies"); (b) reporting possible violations of any law or regulation to any of the Agencies; (c) making disclosures to, and/or participating in any investigation or proceeding conducted by any of the Agencies; or (d) bringing a workers' compensation claim under the Ohio Workers' Compensation Act, Ohio Rev. Code Ann. § 4123.01.

6.      Panza, Miller, Bradford, and Daub represent and warrant that they have not heretofore given, sold, assigned or transferred or purported to give, sell, assign or transfer any claim discussed in this Agreement or any part or portion thereof to any person, firm, corporation, association or entity. Panza, Miller, Bradford, and Daub agree to indemnify and hold Healthcare Services Group harmless from and against any claim, demand, damages, debt, liability, account, reckoning, obligation, cost, expense, lien, action and cause of action (including the payment of attorneys' fees and costs actually incurred whether or not litigation be commenced) based on, in connection with, or arising out of any such gift, sale, assignment or transfer or purported or claimed gift, sale, assignment or transfer.

Page 5 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

7.      Healthcare Services Group makes this Agreement to avoid the cost of defending against the Lawsuit and/or any future legal action.  By making this Agreement, Healthcare Services Group does not admit that Healthcare Services Group violated any federal, state, or local law, rule, regulation, or ordinance, or that any action taken with respect to Panza, Miller, Bradford, Daub, or the purported class was wrongful or unlawful or that Healthcare Services Group breached any of its policies or procedures.  The Parties agree that this Agreement and any information relating to its existence or the negotiations surrounding the Agreement may not be used as evidence in any subsequent proceeding, except one in which either of the Parties alleges a breach of this Agreement or one in which either of the Parties elects to use the Agreement as a defense to any claim.

8.      This Agreement is the whole Agreement between the Parties and supersedes any and all prior agreements between Panza and Healthcare Services Group, Miller and Healthcare Services Group, Bradford and Healthcare Services Group, and Daub and Healthcare Services Group, except that, if Panza, Miller, Bradford, or Daub previously entered into any agreement(s) with Healthcare Services Group containing provisions governing confidential information, trade secrets, non-competition or non-solicitation, such provisions shall remain in full force and effect.  Other than as stated herein, the Parties acknowledge that no promise or inducement has been offered for this Agreement and that this Agreement is executed without reliance on any statement of the Parties or their representatives.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party.  Further, this Agreement may not be amended except by written agreement executed by duly authorized representatives of all Parties.

9.      This Agreement may be executed in several counterparts, each of which shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same instrument.  This Agreement shall not be binding upon Panza, Miller, or Healthcare Services Group until it is executed by all Parties and approved by the Court.

10.     The failure by any Party to enforce at any time any of the provisions of this Agreement or to require at any time performance by another Party of any of the provisions herein shall in no way be construed to be a waiver of such provision or to affect the validity thereof.

11.     This Agreement shall in all respects be interpreted, enforced and governed according to the laws of the State of Ohio, without giving effect to the conflict of laws principles of said State.

12.     Panza, Miller, Bradford, and Daub acknowledge that they are represented by counsel and prior to the execution of this Agreement, they apprised themselves of sufficient relevant information to exercise their own considered judgment when deciding whether to execute this Agreement.  Panza, Miller, Bradford, and Daub declare they have had the opportunity to

Page 6 of 7

Panza's Initials _____
Miller's Initials _____
Bradford's Initials ⌐A̲B̲⌐
Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

review the contents of this Agreement and that it is executed voluntarily and with full knowledge of its consequences.  Panza, Miller, Bradford, and Daub further declare their decision to enter into this Agreement was not predicated or influenced by any declaration or representation of any of the corporations or entities released other than as may be contained in this Agreement.


Dated: _____          _____
                                Joseph Panza


Dated: _____          _____
                                Eric Miller

Dated: __12/7/2017____          _____
                                Ann Bradford


Dated: _____          _____
                                Judith Daub


                                Healthcare Services Group, Inc.


                                By: _____
                                    Matthew Barndt
                                    Corporate Counsel

                                Executed this _____ day of _____, 2017.


Page 7 of 7                                    Panza's Initials _____
                                               Miller's Initials _____
                                               Bradford's Initials _____
                                               Daub's Initials _____

Confidential Settlement Agreement & General Release
Joseph Panza, Eric Miller, Ann Bradford, Judith Daub & Healthcare Services Group, Inc.

review the contents of this Agreement and that it is executed voluntarily and with full knowledge of its consequences.  Panza, Miller, Bradford, and Daub further declare their decision to enter into this Agreement was not predicated or influenced by any declaration or representation of any of the corporations or entities released other than as may be contained in this Agreement.


Dated: _____          _____
                               Joseph Panza


Dated: _____          _____
                               Eric Miller


Dated: _____          _____
                               Ann Bradford


Dated: _____          _____
                               Judith Daub


                               Healthcare Services Group, Inc.


                               By: _____
                                   Matthew Barndt
                                   Corporate Counsel

                               Executed this __8th__ day of __December__, 2017.

Panza's Initials _____
Miller's Initials _____
Bradford's Initials _____
Daub's Initials _____

4899967v.1